903 So.2d 1027 (2005)
Charles MENDEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3064.
District Court of Appeal of Florida, Fourth District.
June 15, 2005.
Morgan Cronin and John M. Kiernan of Law Offices of Morgan Cronin, Fort Lauderdale, for appellant.
*1028 Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for trafficking in MDMA.[1] He raises three issues: (1) the court erred in denying his motions for judgment of acquittal because the State used an untrained confidential informant (CI), which violated his due process rights; (2) the sentence was vindictive; and (3) the trial court erred in denying the motion to suppress. We affirm on all issues, but write to address the issue of entrapment under an objective analysis on due process grounds.
The facts in this case begin with the unrelated arrest of the CI for trafficking in cocaine and Ecstasy. Prior to the CI's arrest, he had provided accurate information to other law enforcement officers in the past. He was offered the opportunity to perform substantial assistance for the State. However, before entering into the substantial assistance agreement, he was sent into the community as a CI.
On June 18, 2001, the CI told a detective that the defendant could obtain 1,000 Ecstasy pills, and was known to frequent a local business, Jet Wheels and Tires. The detective verified the defendant's identity and learned the defendant had an ownership interest in Jet Wheels.
While wearing a listening device, the CI met with the defendant at Jet Wheels to discuss the transaction. The detective monitored, but did not record, the meeting. The CI and the defendant reached an agreement for the CI to purchase Ecstasy from the defendant. The CI told the detective the defendant would arrive at Jet Wheels on a specific date in a BMW or an SUV with a white female after picking up the drugs from an unknown location in Miami.
On the designated day, the detectives conducted surveillance at Jet Wheels. They had the defendant's photograph, knew the type of vehicle to expect, and maintained radio contact with the CI. They observed the defendant enter a white SUV with a female, who drove the defendant to a residential neighborhood in Dade County.
The defendant and the white female got out of the SUV and entered a home. After 20-30 minutes, the defendant and his companion left in the SUV. The CI made a three-way call to the defendant to confirm he had the drugs. The defendant told the CI everything was fine and he was on his way back.
Upon the defendant's return to Jet Wheels, the detectives stopped the SUV. One of the detectives observed a large clear plastic bag protruding from the defendant's right front pocket, and saw some white tablets resembling Ecstasy inside the bag. He removed the bag from the defendant's pocket, confirmed it contained Ecstasy, and arrested the defendant.
After receiving Miranda[2] warnings, the defendant told the detective he purchased the tablets to sell them because he needed to bolster his income. The defendant was charged with trafficking in MDMA.
The defendant filed a motion to suppress, which the trial court denied. The case proceeded to trial. The defense counsel moved for a judgment of acquittal at the close of the State's case, and renewed it after the defense rested. He argued that an acquittal was warranted because the defendant had been entrapped. The *1029 court denied both motions. The jury found the defendant guilty as charged. The trial court sentenced him to 25 years with a seven-year mandatory sentence and a $1,000 fine.
The defendant argues the trial court erred in denying his motions for judgment of acquittal. He maintains his due process rights were violated when law enforcement failed to verify the defendant's prior drug involvement before sending the untrained CI into the community without being properly monitored by law enforcement, and prior to the CI entering into the substantial assistance agreement. He asks this court to reverse his conviction and remand the case to the trial court for entry of a judgment of dismissal. The State contends the defendant failed to show by a preponderance of the evidence that he was entrapped.[3]See Munoz v. State, 629 So.2d 90 (Fla.1993).
We reviewed the law on entrapment in State v. Blanco, 896 So.2d 900 (Fla. 4th DCA 2005) (en banc). "[A]n objective analysis of entrapment on due process grounds focuses on the conduct of law enforcement." Id. at 901 (citations omitted). It does not involve the predisposition of the defendant.
Here, the defendant argues that law enforcement's use of an untrained, unmonitored CI without verifying the defendant's prior drug involvement constituted outrageous conduct similar to that found unconstitutional in Nadeau v. State, 683 So.2d 504 (Fla. 4th DCA 1995). We disagree. In Nadeau, unlike here, the CI repeatedly threatened and harassed the defendant into committing the crime. The defendant had no criminal history and no known prior drug activity. This court found law enforcement's conduct to be "outrageous" and in violation of the defendant's due process rights.
In the present case, however, the defendant was not harassed or threatened. Although the defendant testified he felt the CI was "pushing" him, he admitted the motivating factor was his financial situation. While the defendant denied any involvement in drug transactions with the CI, that fact was disputed by the CI's testimony. Law enforcement monitored the initial discussion between the CI and the defendant in which they discussed the potential transaction. The defendant had prior felonies, and the CI had been instructed to approach only persons he had previously had drug business with or who were known to deal in drugs. Under these facts, there was no due process violation.
AFFIRMED.
WARNER and GROSS, JJ., concur.
NOTES
[1] Methylenedioxymethamphetamine is commonly referred to as MDMA or Ecstasy.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] The State also argues the defendant failed to preserve the entrapment issue. It suggests the defendant cloaked the entrapment defense in the guise of a motion for judgment of acquittal without properly raising it in a formal motion to dismiss. We agree the defense of entrapment based upon an objective analysis on due process grounds is more appropriately raised in a motion to dismiss. This allows the trial court to determine as a matter of law whether the defendant's due process rights were violated by the alleged outrageous conduct of law enforcementconduct of the type that so "offends decency or a sense of justice that judicial power may not be exercised to obtain a conviction." State v. Blanco, 896 So.2d 900, 901 (Fla. 4th DCA 2005) (en banc). Nevertheless, we find the issue to have been preserved in this case.